TIMOTHY T. HUBER (SBN 99800)
PAMELA M. SCHUUR (SBN 130073)
LAW OFFICES OF TIMOTHY T. HUBER
1020 Suncast Lane, Suite 101
El Dorado Hills, California 95762
Telephone: (916) 358-8830
Facsimile: (916) 404-5705
timothyhuber@sbcglobal.net

Attorneys for Plaintiff Albert Lujan

FILED

MAR 11 2019

CLERK
United States Bankruptcy Court
San Jose, California

BY FAX

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>DAVID K. SMALL and TRUDY V. SMALL<br><br>Debtors<br><br>---<br><br>ALBERT LUJAN<br><br>Plaintiff,<br><br>vs.<br><br>DAVID K. SMALL,<br><br>Defendant | Chapter 7<br><br>Case No.: 18-51668 MEH<br><br>ADV. CASE NO. 19-05004 MEH<br><br>FIRST AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523(a)(4) and 11 USC §523(a)(6) |

Pursuant to Federal Rule of Bankruptcy Procedure 7015 and FRCP 15, Plaintiff ALBERT LUJAN ("Lujan" or "Plaintiff") hereby files his First Amended Complaint for Nondischargeability twenty-one days after he was served with Defendant DAVID K. SMALL ("Defendant" or "Small")'s motion to dismiss under FRCP 12(b)(6), as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 USC §1334 and 28 USC §157. This proceeding relates to the Chapter 7 case of David Small, case number 18-51688, now pending in the United States Bankruptcy Court for the Northern District of California. This matter is a core proceeding.

2. Venue is proper pursuant to 28 USC §1409(e). Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

3. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 and 2 above as though fully set forth herein.

4. Plaintiff is an individual residing in El Dorado County, California.

5. Defendant David Small is, and at all relevant times herein has been, an individual who maintains a mailing address in Santa Clara County, California. Small is, and at all times herein relevant has been, acting as the Trustee of the Small 1988 Living Trust, dated January 8, 1988, as amended, and as the Trustee of the Small 1998 Living Trust, dated October 15, 1998.

## FACTUAL ALLEGATIONS

6. In or about August 2006, Kimomex Markets, Inc. ("Kimomex Corp") filed its articles of incorporation with the State of California and was assigned corporation number C2925283. Kimomex Corp was a conversion to the corporate form from a California limited liability company known as Kimomex Markets LLC that had been formed by Small in January 2006. Kimomex Corp's Articles of Incorporation and Statement of Conversion were signed by D. SMALL claiming to be the manager and a member of Kimomex Markets LLC, and the incorporator of Kimomex Corp.

7. There were, in fact, a number of California limited liability companies with "Kimomex" in the title for which Small was listed as the initial registered agent for service of process but not initially identified as a member, but which went through several relatively quick iterations:

    a. Kimomex LLC was formed in August 2005 (20051580234) with Small as the registered agent for service of process. In its Statement of Information filed on March 16, 2007, Kimomex LLC listed Small as its Chief Executive Officer, Manager, and Registered Agent. The business purpose is identified as Real Estate Investment. Its Statement of Information filed on September 30, 2009 stated there were no changes, but

the Certificate of Cancellation filed on October 27, 2011 was signed by Kimball Small on behalf of "Kimball Small Managing Member." Small resigned as the registered agent on December 30, 2013.

b. Kimomex Santa Clara LLC was formed January 20, 2006 (200602010084) with Small as the registered agent for service of process. In its July 10, 2007 Statement of Information, Kimomex Santa Clara LLC listed its members as "David Small Trust," "Kimball Small Trust," and "Gary Filizetti Trust," with D. SMALL as the registered agent. The business purpose is identified as Real Estate Investment. Kimomex Santa Clara LLC filed a Certificate of Cancellation on November 1, 2011 that was signed by Small as "Managing Member." Small resigned as registered agent on December 30, 2013.

c. Kimomex Markets LLC was also formed January 20, 2006 (200602010085), with Small as the registered agent for service of process. In its July 3, 2006 Statement of Information, Noel Montoya was identified as the sole manager; Rogelio Ruiz, Esq. was identified as the registered agent. The business purpose is listed as Retail – Groceries. This is the entity that was purportedly converted to Kimomex Markets, Inc. on August 28, 2006. The signatures on the conversion filing do not accurately reflect information on file with the California Secretary of State for Kimomex Markets LLC.

d. Kimomex White LLC was formed on January 10, 2007 (200701010130) with Small as the registered agent for service of process. The March 7, 2007 Statement of Information identifies three members: The Small 1998 Living Trust dated 10/15/98; The Small 1988 Living Trust dated 01/08/88 As Amended; and Gary J. Filizetti Revocable Trust dated 11/03/98, with Small as the registered agent. The business purpose is identified as Real Estate Investment. It was signed by Small in his capacity as Trustee of the Small 1998 Living Trust dated 10/15/98. There is no record on file of Kimomex White LLC having dissolved, however, Small resigned as registered agent on December 5, 2013. Kimomex White LLC is no longer in good standing, having been suspended by

the California Franchise Tax Board.

8. On or about September 20, 2006, Kimomex Corp's Board of Directors signed a written consent to unanimously configure an "interim three-member Board of Directors until the closing of the anticipated funding." The Unanimous Consent created a three-member Board consisting of Eduardo Rallo, Small, and Plaintiff; it was signed by Eduardo Rallo, Small, , Alfredo Montoya, Martha Montoya, Noel Montoya, and Plaintiff. There had previously been no record of Kimomex Corp configuring its Board as these six members.

9. On November 3, 2006, Kimomex Corp filed an Amendment to its articles of incorporation, which was signed by Plaintiff as President and Byron E. Fetters as Secretary. Another amendment to the articles of incorporation was filed on December 8, 2006, also signed by Plaintiff as President and Fetters as Secretary. A third Amendment to articles of incorporation was filed on July 13, 2007, again signed by Plaintiff as President and Fetters as Secretary.

10. Kimomex Corp filed a fourth Amendment to the articles of incorporation on November 9, 2008. This one was signed by Plaintiff as both President and Secretary. Two days later, Kimomex Corp filed a Statement of Information on November 11, 2008, which identified Plaintiff as Chief Executive Officer, Secretary and Chief Financial Officer. The Statement of Information identifies three directors: Eduardo Rallo, Small, and Plaintiff.

11. On or about October 16, 2009, Kimomex Corp adopted a resolution by unanimous consent to make Jeff Gaddy, acting controller, a signatory to its two Wells Fargo accounts. The "unanimous consent" was signed by Plaintiff and Small only, without Eduardo Rallo.

12. On January 10, 2010, Kimomex Corp. recorded an Amendment to its articles of incorporation; the amendment was signed by Plaintiff, who is identified as President, and Small, who is identified as Secretary, which is inconsistent with the Statement of Information.

13. On May 20, 2010, Small resigned as registered agent for Kimomex Corp.

14. Kimomex Corp filed for Chapter 7 bankruptcy protection on August 19, 2010. The debtor was "dismissed for other reasons" on November 12, 2010 and the case terminated on

*Lujan v. Small* 19-05004 MEH Page 4 of 15          *In Re Small* 18-51668MEH

Case: 19-05004    Doc# 13    Filed: 03/11/19    Entered: 03/11/19 13:11:41    Page 4 of 15

December 1, 2010. The docket for 10-58613 reflects that Kimomex White LLC and Kimomex Santa Clara LLC were creditors, but does not reflect that those entities actually filed claims or the nature of Kimomex Corp's debts to those LLCs. The claims register reflects one claim, for Berkeley Farms, LLC, which appears to have had some errors in it.

15. Kimomex Corp is no longer in good standing, having been suspended by the California Franchise Tax Board.

16. Kimomex Corp operated a Mexican grocery at 1070 So. White Road, San Jose, California. Its assets included a long-term lease of the building, the fixtures and standard accoutrements of a market, a liquor license from the California Alcoholic Beverage Control agency; and another leasehold for a Mexican grocery in downtown San Jose.

17. While Plaintiff was Chief Executive Officer, Secretary, and Chief Financial Officer of Kimomex Corp, he was the Responsible Managing Employee ("RME") in the eyes of the local, state and federal governments, and was exposed to personal liability for Kimomex Corp's unpaid sales taxes, employment taxes, income taxes and Uninsured Employers Benefit Trust Fund ("UEBTF") claims (collectively, "Kimomex Employer and Tax Obligations").

18. During a period from approximately 2007 through 2010, Kimomex Corp was operating at a loss, and had insufficient cash flow to pay for its operations. Kimomex Corp, however, held valuable assets: subleases at below-market rates at its two store locations from its investors/board members, the Small 1988 Living Trust, dated January 8, 1988, as amended, and the Small 1998 Living Trust, dated October 15, 1998.

19. Small told Plaintiff that he wished to continue Kimomex as an operating entity in an effort to sell it as a going concern so he could recoup his investment and satisfy other liabilities he had assumed as part of investing in Kimomex Corp. Accordingly, Small provided funding (usually at the last minute) of Kimomex Corp's payroll, but only in the amount of the net payroll, and making no deposits for the Kimomex Employer and Tax Obligations associated with its payroll process. Small starved Kimomex of cash so that it could not remit the sales taxes collected during this time frame. Meanwhile, in an effort to line his own pockets, when efforts

failed to sell Kimomex as a going concern, Small transferred Kimomex's valuable below-market sublease in the White Road location to Mi Pueblo, and pocketed an amount believed to be about $1,000,000 for himself and others, rather than allowing Kimomex to be the sublessee to as a method for covering the Kimomex Employer and Tax Obligations.

20. During this time frame, Small promised and assured Plaintiff that as Plaintiff stood putative manager of the business, Small would defend and indemnify Plaintiff from any personal exposure arising out of Kimomex Corp's failure to pay the Kimomex Employer and Tax Obligations, and that they would "not leave him holding the bag." In fact, Small well knew and believed that he had no intention of honoring these promises to Plaintiff.

21. Small had signature authority on Kimomex Corp's bank accounts, and directed many of these actions and inactions with respect to incurring, but not paying, the Kimomex Employer and Tax Obligations.

22. Plaintiff is informed and believes that Small was aware of Plaintiff's personal exposure as the RME for these state and federal obligations, but in breach of his fiduciary duty to Plaintiff, failed to disclose to Plaintiff the potential substantial liability that he was accruing as a result of Defendants' actions. Small knew that Plaintiff did not have personal knowledge of, or access to information to establish, the amount of debt that had accrued as a result of the Kimomex Employer and Tax Obligations. Small knew that Lujan was reasonably relying on Small's representations that he would act in good faith to protect him from their joint liabilities.

23. Accordingly, as Kimomex Corp was spiraling downward, Small (in his various capacities as director and shareholder) infused cash into Kimomex Corp in an effort to preserve it as a going concern for possible sale. However, Small breached his duties to Plaintiff by failing to infuse Kimomex Corp with sufficient liquidity to cover the Kimomex Employer and Tax Obligations.

24. Rather than making sure Kimomex Corp had the funds available to pay the Kimomex Employer and Tax Obligations, or that Plaintiff had sufficient funds to avoid personal liability for them, . Small eventually sold off the assets of the business and kept the sale proceeds

for himself. Plaintiff is informed and believes that Small generated revenue for himself in excess of $1,000,000 from the sale of Kimomex Corp assets, while failing to apply any of those revenues the Kimomex Employer and Tax Obligations. This is a direct violation of Small's fiduciary duties to Lujan, and make this debt to Lujan non-dischargeable. .

25. As a result of Small's breaches of his fiduciary duties to Plaintiff and his oral assurances to him, taxing authorities have seized on Plaintiff to satisfy these liabilities based on his status as RME. In total, these liabilities – exclusive of interest and penalties – exceed $650,000.00.

26. After lengthy negotiations, and after Plaintiff has already made payment of $66,907.93 against the initial demand, Plaintiff has entered into a payment agreement with the California Board of Equalization for Kimomex Corp's unpaid sales taxes. Plaintiff anticipates other agreements will be entered into with the Internal Revenue Service, the California Employment and Development Department, and other entities. Plaintiff is negotiating with these agencies in good faith, to reduce debts for himself and the Kimomex Corp shareholders and directors, while incurring great legal expense and stress and inconvenience. As of the filing of this First Amended Complaint, Plaintiff has paid approximately $300,000 to the California Board of Equalization for Kimomex Corp, approximately $20,000 to the Internal Revenue Service for Kimomex Corp, and approximately $20,000 to the California Employment Development Department.

27. On or about August 1, 2018, Plaintiff asked Small to commit to participate and contribute to the payment agreements Plaintiff negotiates on their behalf. Small refused to engage with Plaintiff in an informal resolution of these matters. As of August 1, 2018, the known tax liabilities of Kimomex Corp were (exclusive of interest and penalties):

| | |
|---|---|
| Internal Revenue Service for Unpaid 941 and 940 payroll taxes | $91,112.81 |
| California State Board of Equalization for Unpaid Sales Taxes | $372,421.88 |

| | |
|---|---|
| California Employment Development Department | $138,101.37 |
| Dept. of Industrial Relations Uninsured Employers Benefits Trust Fund Claim | $50,603.49 |
| **Known Claims as of August 1, 2018 exclusive of interest and penalties** | **$652,239.55** |

28. Unbeknownst to Plaintiff, Small had filed his Chapter 7 bankruptcy petition on July 27, 2018 ("Small Bankruptcy"). Plaintiff has never been on the service list for the Small Bankruptcy; accordingly, Plaintiff had no notice of the 341 Meeting that was apparently held on September 6, 2018. Plaintiff had no notice of the existence of the Small Bankruptcy until after service of the notice of discharge as part of a mass mailing dated November 22, 2018. The Notice of Discharge was mailed to Plaintiff's attorney, presumably because Small was aware of Plaintiff's attorney due to the August 1, 2018 demand letter mailed to Plaintiff's last known address for Small, or because Small became aware that Plaintiff had filed a civil suit against Small and others in San Francisco County Superior Court on November 19, 2018. In either event, Plaintiff was not on notice that the bankruptcy case existed until receipt of the Notice of Discharge, and as a result, this Complaint for Nondischargeability should be deemed timely.

### FIRST CAUSE OF ACTION
### Nondischargeability of Debt Pursuant to 11 USC §523(a)(4) and 11 USC §523(a)(6)
### Breach of Fiduciary Duty

29. Plaintiff realleges and incorporates herein the foregoing paragraphs as though each were fully set forth herein.

30. Pursuant to 11 USC §523(a)(4), a debt incurred by a debtor who perpetrates a fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny shall be nondischargeable. Pursuant to 11 USC §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct causing injury to another or the property of another, shall be nondischargeable.

*Lujan v. Small* 19-05004 MEH Page 8 of 15    *In Re Small* 18-51668MEH

Case: 19-05004   Doc# 13   Filed: 03/11/19   Entered: 03/11/19 13:11:41   Page 8 of 15

31.     Corporate officers and directors owe fiduciary duties to their fellow officers and directors, a duty to act with the utmost good faith in the best interests of the officers and directors with whom they serve. Corporate officers and directors have a duty to act with undivided loyalty. Likewise, corporate officers, directors and majority shareholders must be faithful to their fiduciary obligations to minority shareholders. A third party who knowingly assists a trustee in breaching his or her fiduciary duties may, dependent on the circumstances, be held liable along with that trustee for participating in the breach of trust.

32.     In the context of malfeasance by a director of a closely-held corporation such as Kimomex Corp, "[m]ost courts today ... recognize that the 'technical' or 'express' trust requirement is not limited to trusts that arise by virtue of a formal trust agreement, but includes relationships in which trust-type obligations are imposed pursuant to statute or common law." *LSP Inv. Partnership v. Bennett (In re Bennett)* 989 F.2d 779, 784–85 (5th Cir.1993), *cert. denied,* 510 U.S. 1011 (1993).

33.     Closely-held corporations have the same characteristics as partnerships. Under California law, partners are fiduciaries within the meaning of §523(a)(4). *Ragsdale v. Haller* (1986) 780 F.2d 794, 797. California Corporations Code §15021(1) provides: "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property." In California, "[p]artners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his co-partner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind." *Leff v. Gunter* (1983) 33 Cal.3d 508, 514.

34.     When a corporation becomes insolvent, California's trust fund doctrine imposes a fiduciary duty on the corporation's officers and directors with respect to the corporation's creditors. *In re Houng* (C.D. Cal. 2013) 499 B.R. 751, 767. Small thus had a duty to Kimomex's government creditors – the California Board of Equalization, the Internal Revenue Service, the

California Employment and Development Department – to ensure that Kimomex's limited resources were used to satisfy those debts. It is not a legal excuse for Small that Lujan is a more upstanding citizen, who takes his obligations as a director and RME seriously.

35. In violation of all of these fiduciary duties, Small knowingly acted in violation of his own duties and against Plaintiff's interests in connection with the winding down of Kimomex Corp, by failing and refusing to satisfy Kimomex's debts to creditors so that Plaintiff would be protected from personal liability for the Kimomex, while selling corporate assets on his own account, valued at more than $1,000,000, thereby usurping the corporation's opportunities to raise more than sufficient funds to satisfy the Kimomex Employer and Tax Obligations without Lujan facing personal exposure.

36. Section 523(a)(6) of the Bankruptcy Code provides that an individual debtor may not discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." (emphasis added). The malicious injury requirement is separate from the willful injury requirement. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146–47 (9th Cir.2002) (conflating the two requirements is grounds for reversal); see also *Jett v. Sicroff (In re Sicroff)* 401 F.3d 1101, 1105 (9th Cir.2005) ("We analyze the willful and malicious prongs of the dischargeability test separately."). A "willful" injury is a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger* (1998) 523 U.S. 57, 61 (emphasis in original). "A 'malicious' injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Barboza* (9th Cir. 2008) 545 F3d 702, 706.

37. Small's actions with regard to Plaintiff were both willful and malicious.

38. Small knew that Kimomex Corp had substantial liabilities to several governmental and taxing entities and intended to have Plaintiff pay all of the Kimomex Employer and Tax Obligations out of his personal funds.

39. Small, in violation of his obligations as a director of the corporation and his fiduciary duties to his fellow director, maliciously knowingly failed to fund Kimomex to

*Lujan v. Small* 19-05004 MEH Page 10 of 15　　　　　　*In Re Small* 18-51668MEH

Case: 19-05004　Doc# 13　Filed: 03/11/19　Entered: 03/11/19 13:11:41　Page 10 of 15

properly handle its obligations for Kimomex Employer and Tax Obligations.

40. Plaintiff did not have knowledge of Small's actions in these regards before Small undertook them. He did not consent in principle before such actions were undertaken, nor did he consent afterward.

41. As a direct and proximate result of Small's breaches of fiduciary duty as herein described, Plaintiff has been harmed in the amounts not yet determined; at the time of filing this Complaint, Plaintiff is aware of debts exceeding $650,000.

42. In conducting the wrongful acts alleged herein, Small has been guilty of fraud, oppression, malice and willful misconduct. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays judgment as set forth below.

## SECOND CAUSE OF ACTION
### Nondischargeability of Debt Pursuant to 11 USC §523(a)(4) and 11 USC §523(a)(6)
### Fraud (Concealment)

43. Plaintiff realleges and incorporates herein the foregoing paragraphs as though each were fully set forth herein.

44. Pursuant to 11 USC §523(a)(4), a debt incurred by a debtor who perpetrates a fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny shall be nondischargeable. Pursuant to 11 USC §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct causing injury to another or the property of another, shall be nondischargeable.

45. Plaintiff and Small were in a fiduciary relationship as business partners in Kimomex Corp. As Kimomex was a failing enterprise, Small owed a fiduciary duty to the creditors, and to refrain from lining his own pockets at the expense of those creditors while creating personal exposure for Plaintiff.

46. Small intentionally failed to disclose certain material facts to Plaintiff, having disclosed only those facts that he felt would cause Plaintiff to commit to acting as the Responsible Managing Employee, making the disclosures deceptive. Small failed to disclose

certain facts that were known only to him, and that Plaintiff could not have discovered. Namely, Small failed to disclose the amount of money owed by Kimomex as a result of the Kimomex Employer and Tax Obligations; failed to disclose that Small was going to usurp corporate opportunities and use the profits from those corporate opportunities for himself rather than to satisfy the Kimomex Employer and Tax Obligations; and failed to disclose that he would attempt to use the bankruptcy laws to shield himself from liability to his business partners.

47. Plaintiff did not know the concealed facts, including but not limited to the fact that Small had no intention of honoring his commitments to Kimomex Corp. or his fiduciary duties to Plaintiff.

48. Small intended to deceive Plaintiff by concealing these facts.

49. Had the omitted information been shared with Plaintiff, he would have behaved differently.

50. Plaintiff has been harmed; Small's concealment was a substantial factor in the harm that Plaintiff has suffered.

WHEREFORE, Plaintiff prays judgment as set forth below.

### THIRD CAUSE OF ACTION
### Nondischargeability of Debt Pursuant to 11 USC §523(a)(4) and 11 USC §523(a)(6)
### Indemnity and Contribution

51. Plaintiff realleges and incorporates herein the foregoing paragraphs as though each were fully set forth herein.

52. Pursuant to 11 USC §523(a)(4), a debt incurred by a debtor who perpetrates a fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny shall be nondischargeable. Pursuant to 11 USC §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct causing injury to another or the property of another, shall be nondischargeable.

53. Plaintiff is presently being required to pay tax liabilities that are properly the responsibility of Kimomex Corp, and in lieu of the corporation being in good standing, are the proper responsibility of all of Kimomex Corp's officers and directors, including Small. These tax

liabilities are in excess of $650,000 as of the filing of this Complaint.

54. Small, as Lujan's co-director and officer of Kimomex Corp, must reimburse Small for his respective shares of responsibility.

55. Small's failures to provide Plaintiff with assets to use to satisfy the Kimomex Employer and Tax Obligations, coupled with Defendants' usurpation of corporate opportunities by sales of corporate assets for their own accounts, were the substantial factors in Plaintiff facing personal liability for these debts.

56. As a direct and proximate result, Plaintiff faces significant personal exposure for Small's liabilities in excess of $650,000.

WHEREFORE, Plaintiff prays judgment as set forth below.

## FOURTH CAUSE OF ACTION
**Nondischargeability of Debt Pursuant to 11 USC §523(a)(4) and 11 USC §523(a)(6)**
**Promissory Estoppel**

57. Plaintiff realleges and incorporates herein the foregoing paragraphs as though each were fully set forth herein.

58. Pursuant to 11 USC §523(a)(4), a debt incurred by a debtor who perpetrates a fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny shall be nondischargeable. Pursuant to 11 USC §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct causing injury to another or the property of another, shall be nondischargeable.

59. In or about 2009 and 2010, Small promised, assured and represented to Plaintiff that he would defend, indemnify and hold harmless Plaintiff from any liabilities he may accrue arising out of his status as the RME of Kimomex Corp as a result of its nonpayment of state and federal obligations incurred by its continuing operations between 2008 and 2010, while it failed to pay these state and federal obligations.

60. In doing so, Small knew or should have known that Plaintiff would be reasonably induced to rely on Small's promises, assurances and representations by continuing to act at the RME for Kimomex Corp. instead of resigning.

61. Lujan reasonably relied on Small's promises, assurances and representations and was thereby induced to remain in office as Kimomex Corp's RME.

62. Small has not performed any part of his promises, assurances and representations, as evidenced by his failure to respond to Plaintiff's pre-complaint demand that he do so.

63. As a proximate result of Small's failure to perform according to their promises, assurances and representations, Plaintiff has been damaged by the payments already made, and that are continuing to be made by him on account of Kimomex Corp's state and federal obligations, and all future and existing demands being made upon him by state and federal agencies demanding that Plaintiff pay Kimomex Corp's state and federal obligations, the substantial attorneys' fees Plaintiff has incurred in addressing the demands of the state and federal agencies, and all sums that he is has paid or will pay to these agencies, and interest thereon.

64. Small induced Plaintiff to continue on as the RME for Kimomex so that he could improve his chances of selling Kimomex Corp as a going concern that would give him a return on his investment or generate sufficient funds to pay down Kimomex Corp debts personally guaranteed by him, and so that they could sell the Kimomex Corp lease at a profit to a third party, and not apply the proceeds to Kimomex Corp's state and federal obligations. Injustice can only be avoided by enforcing Small's promises, assurances and representations to Lujan completely.

WHEREFORE Plaintiff requests judgment against Debtor and Defendant, David K. Small, as follows:

1. On his First Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary reward in the amount of $650,000, together with prejudgment interest;

2. On his Second Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary reward in the amount of $650,000, together with prejudgment interest;

*Lujan v. Small* 19-05004 MEH Page 14 of 15                              *In Re Small* 18-51668MEH

Case: 19-05004   Doc# 13   Filed: 03/11/19   Entered: 03/11/19 13:11:41   Page 14 of 15

3. On his Third Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary reward in the amount of $650,000, together with prejudgment interest;

4. On his Fourth Claim for Relief, a judgment against David K. Small determining that the debt is nondischargeable in his bankruptcy and for a monetary reward in the amount of $650,000, together with prejudgment interest;

5. For punitive damages;

6. For costs of suit incurred by Plaintiff herein, including reasonable attorney's fees as appropriate; and

7. For such other and further relief as the Court deems just and proper.

Dated: March 11, 2019

LAW OFFICES OF TIMOTHY T. HUBER

*/s/ Timothy T. Huber*
Timothy T. Huber
Attorneys for Plaintiff Albert Lujan