Brette L. Evans (sbn177042)
Kelly L. Klokow (sbn 280316)
Evans Law Offices
1150 N. First St., Suite 110
San Jose, California 95110
TEL: (408) 298-8910
FAX: (408) 298-8911
***Attorneys for Defendant***

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>DAVID SMALL and TRUDY SMALL,<br><br>Debtor(s).<br><br>ALBERT LUJAN,<br><br>Plaintiff,<br>Vs.<br><br>DAVID K. SMALL<br><br>Defendant. | **Case No.: 18-51668 MEH**<br>**Adv. Proc. No.: 19-05004 MEH**<br>**Chapter 7**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>DATE: May 6, 2019<br>TIME: 11:00 am<br>PLACE: 280 S. First St., San Jose, CA<br>Courtroom 3020<br><br>**Hon. M. ELAINE HAMMOND** |

In the above-referenced adversary proceeding, Albert Lujan ("Plaintiff"), filed his Amended Complaint objecting to dischargeability of alleged Debt (the "Amended Complaint") and requested that this Court assess damages against the Debtor, David Small. Plaintiff also seeks punitive damages.

A.  INTRODUCTION

1

Plaintiff's Amended Complaint contains four causes of action which the Defendant David Small (hereinafter referred to as "Debtor") demurs to and states that the facts, as stated, do not support the complaint.

MOTION TO DISMISS UNDER 11 USC 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of an action where Plaintiff's claim for relief "fail[s] to state a claim upon which relief can be granted[.]" Dismissal is appropriate when it is clear that no relief may be granted consistent with the allegations set forth in the complaint. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). Normally, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations or legal characterizations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. den.*, 454 U.S. 1031 (1981). Moreover, the Supreme Court of the United States has recently provided additional guidance regarding the sufficiency of pleadings filed in federal courts. A complaint is sufficient to survive a motion to dismiss if it pleads "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949.

**1. FIRST CAUSE OF ACTION,** §523(a)(4) and §523(a)(6), <u>BREACH OF FIDUCIARY DUTY</u>

   A. <u>Section 523(a)(4)</u>

To state a claim that a debt is nondischargeable under section 523(a)(4), a creditor must allege that: (a) an express trust existed; (b) the debt was caused by fraud or defalcation; and (c) the debtor acted as a fiduciary to the creditor at the time the debt was created. *Otto v. Niles* (In re Niles), 106 F.3d 1456, 1459 (9th Cir. 1997).

An express trust is generally created by an agreement between two parties to impose a trust relationship. Id. The general characteristics of an express trust are: (a) sufficient words to create a trust; (b) a definite subject; and (c) a certain and ascertained object or res. *In re Thornton*, 544 F.2d 1005, 1007 (9th Cir. 1976). The complaint must allege that an express trust preexisted the debt. *Mills v. Gergely* (In re Gergely), 110 F.3d 1448, 1450-51 (9th Cir. 1997).

To allege defalcation under section 523(a)(4), the complaint must allege that the "misappropriation of trust funds or money held in any fiduciary capacity; [or the] failure to properly account for such funds". *In re Bigelow*, 271 B.R. 178, 186 (9th Cir. B.A.P. 2001).

Federal bankruptcy law narrowly defines the concept of "fiduciary" under section 523(a)(4), while state law determines the existence of a trust relationship. *Schieber v. Hooper* (In re Hooper), 112 B.R. 1009, 103 (9th Cir. B.A.P. 1990). If state law creates an express or technical trust relationship between debtor and another party, and imposes trustee status upon debtor, the debtor will be a "fiduciary" under 523(a)(4). Id. at 1013.

A corporation's officer, director, or controlling shareholder has been held to lack fiduciary status toward the corporation for the purposes of Section 523(a)(4) because California

case law treats corporate principals as agents rather than as trustees. *In re Cantrell*, 269 B.R. 413 (9th Cir. 2001). An exception to this general rule is created when a creditor to an insolvent corporation claims a fiduciary duty. (See *In re Jacks*, 266 B.R. 728 (9th Cir. 2001) which held California's Corporation Code provides a remedy for an insolvent corporation's director's violations of fiduciary duties to creditors, which could be actionable under Section 523(a)(4). Plaintiff's Amended Complaint does not allege a partnership relationship existed between Plaintiff and Debtor, and Plaintiff has not alleged that Plaintiff is a creditor of the corporation.

The facts alleged in the complaint if taken to be true do not allege the existence of an express trust that pre-existed the debt, nor do the facts give rise to the existence of a technical or express trust relationship between Plaintiff and Defendant, unless there has been misuse of funds subject to an express trust, there can be no liability under section 523(a)(4). *In re Pedrazzini* (9th Cir.1981) 644 F.2d 756, 759.

The amended complaint similarly fails to allege defalcation. The facts alleged do not support that Defendant misappropriated funds held in a fiduciary capacity or failed to account for such funds. Further, Plaintiff has failed to establish the third requirement that Debtor acted as a fiduciary at the time the debt was created.

Therefore, the Plaintiff has not properly stated a cause of action under §523(a)(4).

B.  Section 523(a)(6)

To state a claim that a debt is nondischargeable under section 523(a)(6), a creditor must allege that its debt was the result of a "willful *and* malicious injury [caused] by the debtor." A creditor must separately plead both willful and maliciousness. *Albarran v. New Form Inc., (In re*

4

*Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008). The injury is willful if debtor had a subjective intent to inflict the injury, or if the debtor believed that injury was substantially certain to occur as a result of his conduct. *Carrillo v. Su* (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002). The injury is malicious if it involves: (a) a wrongful act; (b) done intentionally; (c) which necessarily causes injury; and (d) is done without just cause or excuse. Id. at 1146-47.

In addition, the § 523(a)(6) exception to discharge requires an intentional tort or its equivalent as the basis of the claim. See *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). Plaintiff has not established an intentional tort or equivalent injury related to corporate taxes not having been paid, as such, § 523(a)(6) does not apply.

**2. SECOND CAUSE OF ACTION,** §523(a)(4) and §523(a)(6), FRAUD (Concealment)

A. Section §523(a)(4)

Plaintiff argues that because the taxing authorities have found that as a Responsible Managing Employee, or due to his status as an officer of the Kimomex Corp., that a debt was incurred. He then argues that because a director of an insolvent corporation owes a fiduciary duty to its creditors, that Section 523(a)(4) should apply. However, Plaintiff's logic is flawed. Plaintiff and Debtor were not partners at any time. The *Ragsdale v. Haller* case does not stand for the proposition that a closely held corporation establishes a partnership of any sort (9th Cir. 1986) 780 F.2d 794. The facts of the *Ragsdale v. Haller* case involved a fishing boat, and two partners who agreed in advance to share all profits and expenses, and undisclosed profits that were not shared by one of the partners for several years of sea fishing. In holding that partners are fiduciaries within the meaning of 523(a)(4), the Court first recognized that

_____
5

California has made all partners trustee's over partnership assets. In that case, there was both a partnership and an asset in trust (bank account) for the partnership. *Id.* at 796, 797. This case lacks the hallmarks of the *Ragsdale v. Haller* in that there was no partnership and Plaintiff and Debtor were not partners over trustee partnership assets.

Similarly, there was no express trust relationship created by agreement between the Plaintiff and Debtor. Section 523(a)(4) does not apply.

B. Section §523(a)(6)

As to Plaintiff's §523(a)(6) argument, Plaintiff states that Small promised and assured Plaintiff that if he stood as "putative manager" of the business, that Small would defend and indemnify Plaintiff from any personal exposure arising out of Kimomex Corp's failure to pay the Kimomex Employer and Tax Obligation, and that they would "not leave him holding the bag." (pg. 6, ¶20). The complaint contains other allegations of what Small knew, for exemple, "Small knew that Plaintiff did not have personal knowledge of, or access to information to establish, the amount of debt that had accrued as a result of the Kimomex Employer and Tax Obligations." (pg. 6, ¶22, lines 15 – 17). The complaint also says that Small sold off assets of the business and kept the sale proceeds (pg. 6, ¶24, line 26). However, none of the allegations of the Plaintiff rise to the level required under the US Supreme Court's ruling in *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998), which states that the 523(a)(6) exception to discharge requires an intentional tort or its equivalent as the basis of the claim. *Id.* at 62.

Therefore, the second cause of action also fails to state a claim for relief under §523(a)(4) or §523(a)(6).

6

Case: 19-05004    Doc# 17    Filed: 03/24/19    Entered: 03/24/19 15:50:26    Page 6 of 8

3. **THIRD CAUSE OF ACTION,** §523(a)(4) and §523(a)(6), Indemnity and Contribution

   A.  Section 523(a)(4)

Plaintiff's third cause of action realleges and incorporates the foregoing allegations in the complaint, without stating any new matter to support the causes of action alleged. For this reason, Debtor also incorporates his arguments as set forth in Sections 1.A. and 2.A. and refers to them by reference as being equally applicable in stating that there are not sufficient facts to support that a partnership existed, or that a relationship existed with a recognized trust that Plaintiff may use to argue non-dischargeability under 523(a)(4).

   B.  Section §523(a)(6)

Debtor incorporates his arguments as set forth in Sections 1.B. and 2.B. None of the allegations support that Debtor acted with the intention of causing an injury to the Plaintiff. None of the statements alleged by Plaintiff support that the Debtor's conduct rose to the level of an intentional tort or equivalent intentional injury, *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). Section 523(a)(6) does not apply.

4. **FOURTH CAUSE OF ACTION,** §523(a)(4) and 523(a)(6), PROMISSORY ESTOPPEL

Defendant refers to and realleges his arguments regarding §523(a)(4) in Section 1.A, 2.A and 3.A. hereinabove and requests that these arguments be further incorporated and applied equally to the Plaintiff's fourth cause of action herein. As such, Debtor states that there are insufficient facts in the complaint to draw any inference that an action under 523(a)(4) exists.

Defendant refers to and realleges his arguments regarding §523(a)(6) in Section 1.B, 2.B and 3.B. hereinabove and requests that these arguments be further incorporated and applied

equally to the Plaintiff's fourth cause of action. Debtor states that there are insufficient facts in the complaint to draw any inference that an action under 523(a)(6) exists.

## 5. FURTHER AMENDMENT OF THE COMPLAINT SHOULD BE DENIED

Plaintiff has failed to plead Federal Bankruptcy Code causes of action, although the captions do refer to bankruptcy causes of action, the body of the complaint does not support four separate cause of action, each of which has been alternatively labeled with a state law pleading cause of action.

Based on the factual allegations in the complaint it does not appear that Plaintiff could plead the existence of an express trust that pre-existed the debt, and because it does not appear that Defendant ever held money or property for Plaintiff for which there could have been a defalcation. In dismissing a claim under Rule 12(b)(6), the court should not grant leave to amend when "the pleading could not possibly be cured by the allegations of other facts." See *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir. 1990).

Also, the complaint does not state that Small intended to harm the Plaintiff, only that the Plaintiff was harmed by his acts. This is insufficient under § 523(a)(6). The Plaintiff must be able to show not only that the debtor *acted* willfully, but also that the debtor inflicted the *injury* willfully and maliciously rather than recklessly or negligently, *Kawaauhau vs. Geiger*, 523 US 57, 61-62 (1998), and the facts in the complaint to not support any inference or conclusion of this result.

EVANS LAW OFFICES

**Dated: 3/24/19**  /s/ Brette L. Evan
Brette L. Evans,
Attorney for Debtor and Defendant

8