TIMOTHY T. HUBER (SBN 99800)
PAMELA M. SCHUUR (SBN 130073)
LAW OFFICES OF TIMOTHY T. HUBER
1020 Suncast Lane, Suite 101
El Dorado Hills, California 95762
Telephone: (916) 358-8830
Facsimile: (916) 404-5705
timothyhuber@sbcglobal.net

Attorneys for Plaintiff Albert Lujan

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In Re: | Chapter 7 |
|---|---|
| DAVID K. SMALL and TRUDY V. SMALL | Case No.: 18-51668 MEH |
| Debtors | ADV. CASE NO. 19-05004 MEH |
| ALBERT LUJAN<br><br>Plaintiff,<br><br>vs.<br><br>DAVID K. SMALL,<br><br>Defendant | OPPOSITION TO DEBTOR'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 USC §523(a)(4) and 11 USC §523(a)(6)<br><br>Date: May 6, 2019<br>Time: 11:00 am<br>Place: 280 S. First St., San Jose, CA<br>Courtroom 3020<br>Hon. M. Elaine Hammond |

    Plaintiff ALBERT LUJAN ("Lujan" or "Plaintiff") opposes Defendant DAVID K. SMALL ("Defendant" or "Small")'s motion to dismiss Lujan's First Amended Complaint for Nondischargeability. In his motion to dismiss the amended complaint, Small ignores the legal and factual significance of the amendments Lujan made to the original complaint. Lujan contends that the First Amended Complaint meets the standards set forth in Small's motion; if the Court disagrees, Lujan is prepared to allege additional facts as needed to address the Court's concerns.

*Opposition to Motion to Dismiss*      *In Re Small* 18-51668MEH
*First Amended Complaint for Nondischargeability*      *Lujan v. Small* 19-05004 MEH
Page 1 of 4

Case: 19-05004    Doc# 20    Filed: 04/21/19    Entered: 04/21/19 15:07:02    Page 1 of 4

Small seems to misunderstand the nature of Lujan's claims against him. Lujan does not contend that Small owes him a fiduciary duty because Small stands in the shoes of (insolvent) Kimomex or because Small holds Kimomex assets in trust for Lujan. Lujan contends that Small's fiduciary duty to Lujan arose the minute they became co-directors of Kimomex Markets. The fiduciary duty arose under California law, full stop. The duty preceded the debt.

Lujan is not a creditor of Kimomex, asking Small to answer for Kimomex. Lujan asks Small to answer for his falsehoods, his lies, his defalcations – his direct promises to pay debts he promised to pay that he had no intention of paying.

## LUJAN'S 11 USC §523(A)(6) CLAIMS

Small's reliance on *Kawaauhau v. Geiger* (1998) 523 U.S. 57 is misplaced. *Kawaauhau* stands for the proposition that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger, supra,* 523 U.S. at 61.

But the plaintiffs in *Kawaahau* stood in an elementally different litigation posture. They sought nondischargeability of a judgment they had obtained in state court before the bankruptcy, on a medical malpractice theory. The *Kawaahau* judgment was, by definition, based on negligence rather than intentional conduct. To find nondischargeability of that debt under subpart (a)(6), the Supreme Court would have had to overlook other parts of the statute, namely subparts (a)(9) and (a)(12) – something the Court was unwilling to do ["we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law"]. And most important: plaintiffs were seeking to protect a ***judgment*** -- evidence had been presented as to the defendant's conduct, and the evidence had been weighed by a trier of fact against a standard that did not measure intention, or willfulness. The question before the *Kawaauhau v. Geiger* court was whether the square peg of a state court judgment for negligence could be put into the round hole of a fraud nondischargeability action in bankruptcy court.

Lujan, on the other hand, is not defending a state court judgment against Small. He first

*Opposition to Motion to Dismiss*            *In Re Small*    18-51668MEH
*First Amended Complaint for Nondischargeability*            *Lujan v. Small*    19-05004 MEH
Page 2 of 4

Case: 19-05004    Doc# 20    Filed: 04/21/19    Entered: 04/21/19 15:07:02    Page 2 of 4

filed a state court action in San Francisco County Superior Court on November 19, 2018 against Small and others, (SF Action No. CGC-18-571427). Lujan did not know of Small's July 2018 Chapter 7 bankruptcy petition until Small filed a "Notice of Stay of Proceedings" on February 26, 2019, in response to service of the SF Action.

An objective substantial certainty of harm from the debtor's actions is one factor to be considered in determining whether debtor acted with requisite intent to injure, for debt dischargeability purposes. To establish maliciousness of the kind required in order to except debt from discharge as one for debtor's willful and malicious injury, the creditor must show (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) that is done without just cause or excuse. *In re Jacks* (9th Cir. BAP 2001) 266 B.R. 728, 743 [error to dismiss §523(a)(4) and (a)(6) claims on summary judgment]. Because no trier of fact, in any forum, has looked at the evidence against Small, either as to his conduct or his intentions, Lujan's claims cannot be dismissed at this stage. The Court should not rule at this point in the proceedings that Lujan cannot state a claim upon which relief can be granted.

### LUJAN'S 11 USC §523(A)(4) CLAIMS

As for Lujan's claims against Small under Section (a)(4), Small's mischaracterizes the essence of the holdings of the cases he cites. Although the debt was discharged in *In re Pedrazzini* (9th Cir. 1981) 644 F.2d 756, the case confirms two important propositions: the obligations from the debtor to the claimant must arise before the alleged malfeasance, and state law must be consulted on the point of whether the obligation existed. *Ragsdale v. Haller,* also cited by Small, stands for the principle that California courts have made all partners trustees over assets of partnership; thus, California partners were fiduciaries within the meaning of §523(a)(4). *Ragsdale v. Haller* (1986) 780 F.2d 794, 796.

Small's debt to Lujan is not "*ex maleficio.*" The law has not imposed this obligation – no court created this debt. Lujan was the designated RME for Kimomex, and Small personally promised to Lujan that he would help cover the debts. Small made these promises without any intention of performing them, intending to induce Lujan to take on a bigger share of the financial

*Opposition to Motion to Dismiss*  *In Re Small* 18-51668MEH
*First Amended Complaint for Nondischargeability*  *Lujan v. Small* 19-05004 MEH
Page 3 of 4

Case: 19-05004   Doc# 20   Filed: 04/21/19   Entered: 04/21/19 15:07:02   Page 3 of 4

burden for the Kimomex Employer and Tax Obligations than should be his responsibility.

Small's reliance on *In re Cantrell*[1] confusing at best. The question presented, as framed by the Court itself – bears no relation to the issues presented by Lujan's case against Small. The opening line of the Ninth Circuit's opinion is thus: *"We must decide whether a corporate officer who is personally liable for corporate fraud may discharge such debt in bankruptcy."* (9th Cir. 2003) 329 F.3d 1119, 1122.

The Court describes the proceedings below to be an action in which the corporation (Cal-Micro) sued an officer of the corporation (Cantrell) for expropriating its funds and assets for his own personal use and failing to use the corporation's assets for the payment of the corporation's business and operational expenses. The corporation obtained Cantrell's default judgment in the state court proceeding, and wished it held nondischargeable. *Id.*

This is not a derivative claim. Small breached duties he owed directly to Lujan. Lujan does not seek to enforce a corporation's rights against a corporate officer, nor does Lujan seek to hold Small personally liable for corporate fraud. Lujan seeks to hold Small personally liable for breach of his promises to Lujan to honor his fiduciary duty as a co-director of Kimomex, promises Small made while they were co-directors, with no intention of performing them.

## CONCLUSION

Lujan contends that his First Amended Complaint for Nondischargeability is legally sufficient to proceed. If the Court disagrees, Lujan respectfully requests leave to file a Second Amended Complaint that addresses any deficiencies identified by the Court.

Dated: April 21, 2019

LAW OFFICES OF TIMOTHY T. HUBER


    */s/ Timothy T. Huber*
Timothy T. Huber
Attorneys for Plaintiff Albert Lujan

---

[1]. It is unclear why Small cites the Ninth Circuit BAP opinion of 2001 -- 269 B.R. 413 (9th Cir. 2001) -- rather than the Ninth Circuit's later opinion of 2003. Lujan cites the later decision.

*Opposition to Motion to Dismiss*                                  *In Re Small*  18-51668MEH
*First Amended Complaint for Nondischargeability*          *Lujan v. Small*   19-05004 MEH
Page 4 of 4

Case: 19-05004    Doc# 20    Filed: 04/21/19    Entered: 04/21/19 15:07:02    Page 4 of 4